IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| DONNA K. PHILLIPS, | Chapter 7 |
|     Debtor | |
| | Case No.: 1-04-03421 |
| LAWRENCE V. YOUNG, Chapter 7 Trustee, | |
|     Movant | |
| v. | |
| DONNA K. PHILLIPS, | |
|     Respondent | |

## OPINION

### Procedural and Factual History

Before the Court is the objection of the Chapter 7 Trustee ("Trustee") to an exemption under 11 U.S.C. § 522(b)(2)(B) claimed by Donna K. Phillips ("Debtor") in her former marital home. The Trustee asserts that Debtor is not entitled to the entireties exemption because she and her (non-debtor) husband, David Phillips ("Phillips"), are estranged and have filed for divorce. Debtor responds that her divorce decree had not been entered when she filed her petition and that exemption rights are fixed as of the filing date. Therefore, she continued to hold an interest in her home as a tenant by the entirety on the date of filing and was eligible to claim the exemption under state law.

Phillips filed for divorce in 2003, but a divorce decree had not been entered when Debtor filed her petition on June 4, 2004. When the petition was filed, Debtor resided in the former marital home, which was valued at $142,500.00 and was subject to a $22,254.25 mortgage. Partition of the property has not been ordered and no decree in equitable distribution has been

1

entered. No evidence was provided as to whether Debtor intends to remain in the property if and when the divorce is finalized. Further, no evidence was introduced regarding the anticipated time line for the divorce proceedings or the entry of a divorce decree.

A hearing was held on October 28, 2004. Briefs have been filed and the matter is ripe for decision.[1]

## Discussion

Section 522(b) provides that a debtor may exempt property from property of the estate under either Section 522(b)(1) or Section 522(b)(2). Generally, paragraph (1) is referred to as the "federal" exemptions and paragraph (2) is referred to as the "state" exemptions, although the latter also includes exemptions available under non-bankruptcy federal law. Section 522(b)(2)(B) provides that a debtor may exempt

> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

In this case, Debtor has chosen the state exemptions. She asserts that she is entitled to claim an exemption in entireties property because she was not divorced as of the date of the petition.

A debtor's estate is created when a case is commenced under the Bankruptcy Code. 11 U.S.C. § 541(a). The point in time at which exemptions from property of the estate are determined also is the date the case is commenced. *In re Alexander*, 236 F.3d 431 (8th Cir. 2001). *See also In re Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986) (exempt property is

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(I) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

Case 1:04-bk-03421-MDF    Doc 24    Filed 02/22/05    Entered 02/23/05 11:34:11    Desc
Main Document    Page 2 of 5

determined as of the filing date of the petition.); *In re Bronner,* 135 B.R. 645, 647 (9th Cir. BAP 1992) ("A debtor's rights in property claimed as exempt are defined on the date the petition is filed."); *In re Kollar,* 218 B.R. 349, 352 -353 (Bankr. E.D. Pa. 1998) (commencement of the case is point at which exemptions are determined); *In re Sajkowski,* 49 B.R. 37, 39 (Bankr. D. R.I. 1985) ("The filing of the bankruptcy petition constitutes the 'line of cleavage' at which exemptions are determined.").

In a case decided by Chief Judge John J. Thomas, *In re Martin*, 269 B.R. 119 (Bankr. M.D. Pa. 2001), the debtor claimed an entireties exemption in real estate she owned with her non-debtor spouse on the date of her Chapter 7 petition. The Court allowed the exemption even though less than 180 days after the petition date, the debtor's spouse transferred his interest in the property to the debtor pursuant to a property settlement agreement. The Court noted that "[t]he majority of courts ... hold that a postpetition change in the character of property properly claimed as exempt will not change the status of that property, relying on the principle that once property is exempt, it is exempt forever and nothing occurring postpetition can change that fact." *Id.* at 123 (citations omitted).

In support of his objection to Debtor's exemption, the Trustee cites an opinion from Chief Judge Diane Weiss Sigmund in *In re Scholl*, 234 B.R. 636 (Bankr. E.D. Pa. 1999). In *Scholl*, Judge Sigmund held that the right to seek equitable distribution of marital property vests at the time the divorce is commenced and is unaffected by a later bankruptcy filing by one of the parties. The Trustee argues that the filing of the divorce action on a date before the petition was filed fixed the rights of the parties as of the date of the divorce filing. Thus, he asserts, Debtor's interest in the residence was fixed prior to the date of Debtor's bankruptcy petition. Therefore,

3

Case 1:04-bk-03421-MDF    Doc 24    Filed 02/22/05    Entered 02/23/05 11:34:11    Desc
Main Document    Page 3 of 5

Debtor's interest in the real estate when the bankruptcy case was filed could not be an "entirety" interest since she will be a tenant in common once she is divorced. The issue in *Scholl* was the dischargeability of an equitable distribution claim. The Court found that once a divorce petition is filed, the parties' interest in marital property vests. The commencement of the divorce places marital property *in custodia legis* by the state court, which has the authority to divide the property and which is unaffected by the subsequent bankruptcy of one of the parties. Based upon this analysis, Judge Sigmund concluded that the right to equitable distribution of property is a vested property interest, not a "claim" by one spouse against the other.[2]

The holding in *Scholl* is inapposite. Unlike the case at bar, Judge Sigmund was considering whether a spouse's interest in property held by entireties with a former spouse was a vested property interest or a debt subject to discharge as a claim in the former spouse's bankruptcy case. The issue in this case is not the status of the claim of one former spouse against another, but whether a third party, the Trustee, may force severance of the tenancy. There is no support for this argument in *Scholl*. In particular, the Trustee's argument is flawed because the right "to seek" equitable distribution of certain marital property is not the same as the fixing of property rights in that property. Simply because the parties to a marriage obtain the right "to seek" equitable distribution as of the date of the divorce petition does not mean that their individual property rights were established as of that date. A claim for equitable distribution

---

[2] Several courts in the Third Circuit have disagreed with Judge Sigmund's finding that an equitable distribution claim in a divorce proceeding is not a claim for bankruptcy purposes. *See In re Verner*, 318 B.R. 778, 793 (Bankr. W.D. Pa 2005)(McCullough, J.)(ex-wife could pursue an "in kind" division or assignment of property via equitable distribution in state court without fear of violating discharge injunction, but right to "equalization" relief was discharged in bankruptcy); *In re Schorr*, 299 B.R. 97, 102 (Bankr. W.D. Pa 2003)(Markovitz, J.) (Spouse had right to payment when divorce was filed so claim for equitable distribution was discharged debt).

4

does not sever a tenancy by the entireties; this estate is severed by entry of the divorce decree.

The Trustee's concern appears to be that Debtor is obtaining an unfair windfall. Correspondence between the parties in connection with the divorce case indicates that Debtor will receive the residence in the divorce settlement. Even if Debtor's motivation for filing bankruptcy was to prevent her individual creditors from executing against the marital home after the divorce, such motivation does not provide a court with grounds to deviate from well-established legal principles under Pennsylvania law. As Judge Thomas noted in *Martin*, if a trustee sees evidence of bad faith when a bankruptcy is filed in anticipation of a favorable marital distribution through divorce, he is free to move for dismissal under 11 U.S.C. §707(a), as occurred in *In re Tamecki*, 229 F.3d 205 (3d Cir. 2000).

For these reasons, the Trustee's objection is overruled. An appropriate order will be entered.

BY THE COURT,

*[signature: Mary D. France]*
Bankruptcy Judge

Date: February 22, 2005

*This electronic order is signed and filed on the same date.*